# DECISIONS COURT OF APPEAL.

## Parish of Orleans,

### No. 4256.

(Court of Appeal, Parish of Orleans.)

## W. W. CARRE COMPANY, LTD., VS. CITY OF NEW ORLEANS.

1. The City of New Orleans having failed to make provision for the maintenance of the Hagan Avenue Bridge, for the years 1902-3 and 4, and the funds allotted to the Commissioner of Public Works for this character of work being exhausted, the Mayor and said Commissioner were without authority to contract for such work and bind the City unless specially directed so to do by the various heads of Departments constituting the Eemrgency Committee provided for under the City's charter.

2. Where a citizen undertakes and pays for the repair and maintenance of a public improvement without first securing legal authority or entering into a contract with the proper officials of the city he cannot recover. The City's obligation in such a case is a moral one only.

Appeal from Civil District Court, Division "E."

W. S. Benedict, for Plaintiff and Appellee.

John P. Sullivan, for Defendant and Appellant.

ESTOPINAL, J. The undisputed facts in this case are these:

During the years 1902, 1903 and 1904 the plaintiffs, who have a lumber plant on the New Canal, furnished the material and labor for the maintenance and repair of a public bridge across said Canal, near their establishment, known as the Hagan Avenue Bridge, to the extent of $549.77, distributed as follows: During the year 1902, $145.96; 1903, $191.36, and 1904, $212.45.

No provision was made by the City in any of the years

3

mentioned for the maintenance of the Hagan Avenue Bridge.

Plaintiff, before undertaking the work of repairs to said bridge, consulted both the Mayor of the City and the Commissicner of Public Works, both of whom, in the absence of any appropriation by the Council for that specific work or lack of funds to the credit of the character of work contemplated (the Commissioner of Public Works having exhausted his funds) were powerless to act.

The Emergency Committee, the same being composed of the Mayor and the heads of the several departments of the City Government, was appealed to, but this Committee refused to have the bridge in question repaired on the plea that it did not consider this work of an emergency kind.

Plaintiff then undertook the repair and maintenance of the Hagan Avenue Bridge at its own expense, and took the chance of securing reimbursement from the City at some future time.

The work of repair was undertaken with the consent of the Mayor and the Commissioner of Public Works, both of whom, however, stated to plaintiff that they were without authority to have the work done or to bind the City for the payment of any such work.

The plaintiff company proceeded from time to time with needed work on the bridge, the same being in a manner done under the supervision of the Commissioner of Public Works, through an attache of his office, the bridge-tender, whose services were constantly retained.

All of the items claimed by plaintiff for material and labor have been approved by the Commissioner of Public Works.

We have examined carefully the law bearing upon the question of repairs of public improvements, the manner of letting out such work and the conditions upon which the work may or may not be done by the heads of the various municipal departments of the City of New Orleans, and nowhere have we found any legal warrant for the work assumed and paid for by plaintiff. Unquestionably there is a moral obligation of the City to pay for a work performed by one of its citizens, though it be done on his own responsibility and without legal authority, particularly as in this case, where the work is shown to have redounded largely to the public convenience and good.

The Court is unable, however, to overlook the conditions

4

and restrictions laid down in the City's Charter for the construction and maintenance of public utilities and the disbursement of public funds, in the doing of which there needs necessarily, be absolute method and system.

Were we to allow this claim against the City a precedent would thereby be established, the effect of which would be far-reaching beyond measure. Any citizen, under such a ruling, might undertake a work of public improvement properly belonging to the City, unmindful of the condition of the City's finances or of those provided for such public works, and in consequence multiply the City's woes and troubles.

It cannot avail plaintiff to urge and show, as it does, that it endeavored to obtain, and did get the conditional consent, of the Mayor and the Commissioner of Public Works.

The consent of these two officials, even though it were not conditional, could not have the effect of legalizing plaintiff's claim.

The general legal proposition suggested that it is the duty of the City, under its Charter, to keep bridges in repair, the same to be under the control of the Commissioner of Public Works, etc., cannot be contested, but we must ascertain the method or order to be pursued by these officials in performing this duty.

As has been stated in this opinion, the City had made no appropriation for the maintenance of the bridge in question, and the funds allotted to the Commissioner of Public Works for repair work on bridges were exhausted.

Under these circumstances neither the Mayor nor the Commissioner of Public Works had authority to undertake the work or pay for same.

"Sec. 93 and Sec. 116 of the Act No. 45 of 1896, as amended by Act 147 of 1898."

Plaintiff's claim was allowed by the lower Court. We cannot permit this judgment against the City to stand.

For the reasons assigned it is now ordered, adjudged and decreed that the judgment appealed from be reversed and set aside, and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's claim, with costs in both Courts.